[No. 9471. Department Two. June 23, 1911.]

R. H. BRINKER, *Appellant*, v. OLDHAM & SONS, *Respondent*.[1]

PLEADING—DEMURRER—CONCLUSIONS—CONTRACTS—CONSIDERATION. In pleading a written contract which speaks for itself as to the consideration, an allegation that it was without consideration is nothing more than the pleader's conclusion, and without avail on demurrer.

NOVATION—LIABILITY OF NEW DEBTOR—DEFENSES. Where the debt of a corporation was discharged in consideration of assigned accounts and certain promissory notes executed by the president of the corporation, there is a complete novation, which is not affected by an accompanying agreement to employ the maker of the notes as a salesman, where it was expressly provided that the employment could be discontinued without affecting liability on the notes.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 25, 1910, in favor of the defendant, upon sustaining a demurrer to one cause of action, in an action for equitable relief. Affirmed.

*Charles R. Crouch*, for appellant.

*Bausman & Kelleher*, for respondent.

MORRIS, J.—Appellant brought this action to recover upon three alleged causes of action. The respondent answered

[1]Reported in 116 Pac. 263.

and counterclaimed. Upon the trial the court sustained a general demurrer to the third cause of action, and after giving appellant credit for the demands embraced in his first two causes of action—one for a balance of salary due and the other for a commission upon a sale of saws—awarded judgment against him upon the counterclaim. Appellant, by this appeal, claims error only in the sustaining of the demurrer.

The determinative facts are these: Appellant was formerly the president of the Puget Sound Saw Company, which on December 6, 1906, was indebted to respondent in the sum of $5,024.37. On that day appellant, respondent, and the saw company entered into a tripartite agreement, whereby the saw company assigned accounts to the value of $1,939.75 to respondent, and appellant executed sixty-two promissory notes, aggregating $3,084.62, in the discharge of this indebtedness. The respondent then agreed to employ appellant as a salesman upon a stated salary; providing, however, in the contract, that it might discontinue such employment at any time upon written notice, and "such a discontinuance of employment shall in no manner affect Brinker's liability on the notes given by him as above described, and those notes will be paid by him when they respectively mature, and shall in no manner affect the settlements and adjustments herein made." Appellant's third cause of action was to obtain a surrender and cancellation of these notes then remaining unpaid, upon the ground that the consideration of the notes was his employment as a salesman, and that the respondent, having breached this contract of employment, the consideration of the notes failed. The contract between appellant, respondent, and the saw company was attached to the complaint. The allegation that the consideration of the notes was the employment was, therefore, nothing more than the pleader's conclusion. The contract, being pleaded, spoke for itself as to the true consideration, and the court could look

beyond appellant's averment to the fact and determine whether or not such an averment was well pleaded.

It is apparent, from such a reference to the contract as we have made, that we have here a complete novation. The saw company, in consideration of its release of its old debt, assigns its accounts to respondent. Respondent, in consideration of this assignment and the execution of the notes by appellant, releases the saw company. Appellant, in order to procure the release of his company from the indebtedness to respondent, executes the notes. Thus, the creditor releases the old debt to the old debtor, and extends a new credit to a new debtor. The parties to this contract, desiring to leave nothing for interpretation, further agree that the employment of Brinker as a salesman is only an incidental employment that may be terminated at any time, and "such a discontinuance of employment shall in no manner offset Brinker's liability on the notes." It could not be plainer that the employment was in no way to affect liability upon the notes, and the court below was justified in ruling, in its sustaining of the demurrer, that appellant's liability upon the notes was to be determined irrespective of the employment.

Motion is made to dismiss the appeal because of a defective appeal bond. Having reached this conclusion upon the merits, we pass the motion.

The judgment is affirmed.

Dunbar, C. J., Crow, Ellis, and Chadwick, JJ., concur.